UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CORY NELSON,

            Petitioner,

                                                    CASE No. 1:18-CV-709

v.

                                                    HON. ROBERT J. JONKER

TONY TRIERWEILER,

            Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No.

20) and Petitioner's Objection to the Report and Recommendation (ECF No. 21).[1]   Under the

Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and

Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified."   12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).

Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to.   The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

---

[1] Petitioner's Objections were docketed well after the fourteen-day objection period under 28
U.S.C. § 636(b)(1)(C) closed. However, there is reason to believe this was through no fault of
Petitioner.   Rather, it appears Petitioner's Objections were mailed in time under the prison
mailbox rule, and the mailing was mistakenly held in the Post Office for a time before eventual
delivery to the Court. Thus, the Court considers Petitioner's Objections as having been timely
submitted.

FED R. CIV. P. 72(b)(3).    De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.    *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.    After its review, the Court finds the Magistrate Judge correctly concluded that Petitioner is not entitled to habeas corpus relief.

The Magistrate Judge recommends denial of Petitioner's habeas petition.    In his objections, Petitioner primarily reiterates and expands upon arguments presented in his original brief.    Petitioner's Objection with respect to the sufficiency of the evidence on his state convictions quarrels with inferences the jury could fairly make under the law.    These arguments were thoroughly considered by the Magistrate Judge and properly rejected.    As for the remaining contentions in Petitioner's Objection, the Court is satisfied, on de novo review, that the Magistrate Judge properly applied the law.    Accordingly, the Court concludes that Petitioner is not entitled to federal habeas relief, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).    The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.    FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").    However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).    While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'"    *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).    In this case, Petitioner has not made a substantial showing of the denial of a constitutional right.    Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Petitioner is not entitled to the habeas corpus relief he seeks.    Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**; and

2.    Petitioner is **DENIED** a certificate of appealability.


Dated:    June 1, 2020                     /s/ Robert J. Jonker
                                           ROBERT J. JONKER
                                           CHIEF UNITED STATES DISTRICT JUDGE


3